October 27, 2009

**VIA ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

                 Re:     United States v. Aafia Siddiqui, 08 Cr. 826 (RMB)

Dear Judge Berman:

       We represent defendant Aafia Siddiqui ("Dr. Siddiqui") in the above-captioned proceeding.  We write to respond to the Court's order dated October 20, 2009 requesting that defense counsel ascertain from Dr. Siddiqui whom she wishes to represent her at trial currently scheduled for January 19, 2009 and to submit a proposed allocution to assist the Court in resolving the counsel issue.

       As to the first issue, on October 24, 2009, Dawn M. Cardi visited Dr. Siddiqui at the Metropolitan Detention Center in Brooklyn.  During this most recent visit, as per the Court's instructions, Ms. Cardi questioned Dr. Siddiqui as to whether she had a proposal regarding who would represent her at the upcoming trial on January 19, 2010.  In order not to impart attorney-client communications, we would simply note that Dr. Siddiqui neither has a proposal as to who will represent her at trial nor does she intend to replace the members of her current defense team.

       We continue to believe that Dr. Siddiqui's dissatisfaction with present counsel arises from delusional and, in the context of a criminal proceeding, self-destructive beliefs, which no attorney committed to the zealous advocacy of her interests and subject to governing ethical rules could endorse. We ascribe no fault to Dr. Siddiqui in this matter as we believe her dissatisfaction and unreasonable requests are caused by the mental illness from which she suffers.  This situation is particularly troubling because she fails to recognize the strengths of her theory of defense; she refuses to support steps that will foreground those strengths; and she nonetheless continues to assert her innocence.  Thus, we respectfully request an ex parte conference with the Court at the next status conference currently scheduled for November 3, 2009 in order to provide pertinent details of the communications between Dr. Siddiqui and defense counsel which underscore this "counsel issue".  We suggest to the Court that any future defense attorneys would be faced with a similar "counsel issue".

       Because Dr. Siddiqui does not have a proposal to retain new counsel, and given her repeated statements of dissatisfaction with present counsel, the Court may wish to engage in a so-called Faretta colloquy with her to confirm that either she does not want to proceed pro se or she lacks the capacity to represent herself as the United States Supreme

Honorable Richard M. Berman
October 27, 2009
p. 2

Court recognized with respect to certain defendants suffering from mental illness, Indiana v. Edwards, the leading case in this area.  We would note for the Court that Dr. Siddiqui has never expressed to any member of the defense team that she wishes to represent herself in this proceeding.

It is well-established that Dr. Siddiqui has the right to defend herself if her decision to do so is "made intelligently and knowingly, with full awareness of the right to counsel and the consequences of its waiver."  United States v. Fore, 169 F.3d 104, 108 (2d Cir. 1999) (quoting United States v. Tracy, 12 F.3d 1186, 1191(2d Cir. 1993)).  In assessing whether a defendant is making the decision to proceed pro se "intelligently and knowingly," the district court should carefully consider the defendant's education, family, employment history, general conduct, and any other relevant circumstances.  See id.; United States v. Hurtado, 47 F.3d 577, 583 (2d Cir. 1995) (citing United States v. Tracy, 12 F.3d 1186, 1191 (2d Cir. 1993); United States v. Schmidt, 105 F.3d 82, 88 (2d Cir. 1997).  In addition, the district court should explain to the defendant "the nature of the charges, the range of allowable punishments, and the risks of self-representation." Fore, 169 F.3d at  (quoting Torres v. United States, 140 F.3d 392, 401 (2d Cir. 1998); Hurtado, 47 F.3d at 583 (finding that the defendant "was also clearly aware of the penalties he faced if convicted").  A discussion of the risks of self-representation frequently touches upon the fact that in proceeding pro se a defendant may run afoul of her Constitutional right not to speak or testify on her own behalf as per the Fifth Amendment.  See Fore, 169 F.3d at 108; see also United States v. Schmidt, 105 F.3d 82, 88 (2d Cir. 1997) (observing that in the context of Faretta colloquies, it is "certainly appropriate" and sometimes "important" to warn the defendant that the decision to proceed pro se may undermine the Fifth Amendment right to remain silent).  As self-representation may also undermine defenses related to diminished capacity and other defenses related to mental defect or disease, a district court should so warn a defendant seeking to proceed pro se.  See Fore, 169 F.3d at 108; see Schmidt, 105 F.3d at 88-89.

While there are no talismanic words to recite or set procedures to follow in a Faretta colloquy, the Court should engage the defendant in a "full and calm" discussion in order to ensure that the constitutional right to the assistance of counsel is not waived on an impulse, grounded on a frustration arising from unrealistic expectations as to what counsel could effect on behalf of the defendant, or driven by delusional thinking as to the nature of the proceedings.  See Fore, 169 F.3d at 108; Schmidt, 105 F.3d at 88 (noting that the leading Second Circuit case makes clear that "no one procedure is 'talismanic' to an adequate inquiry").  Bearing the purposes of the Faretta colloquy in mind, we offer the attached series of questions to establish whether Dr. Siddiqui does in fact wish to proceed pro se and whether, as we believe, she is incapable of doing so.

2

Honorable Richard M. Berman
October 27, 2009
p. 3

        We thank the Court for its consideration of this matter.

                                Respectfully submitted,

                                DAWN M. CARDI & ASSOCIATES

By:      __*/s/ Dawn M. Cardi*_____
           Dawn M. Cardi
           Chad L. Edgar
           Two Park Avenue, 19th Floor
           New York, New York 10016
           212.481.7770 (tel.)
           212.684.3008 (fax)
           *Attorneys for Aafia Siddiqui*

                    _____/s/_____
           Linda Moreno, Esq.
           P.O. Box 10987
           Tampa, FL 33697
           813.247.4500 (tel.)
           813.386.6211 (fax)
           *Attorney for Aafia Siddiqui*

                    _____/s/_____
           Charles Swift
           SWIFT & MCDONALD, P.S.
           2003 Western Avenue, #330
           Seattle, WA 98121
           206.441.3377 (tel.)
           206.448.2252 (fax)
           *Attorney for Aafia Siddiqui*

                    _____/s/_____
           Elaine Whitfield Sharp
           196 Atlantic Avenue
           Marblehead, MA 01945
           781.639.1862 (tel.)
           781.639.1771 (fax)
           *Attorney for Aafia Siddiqui*

Honorable Richard M. Berman
October 27, 2009                                                                                          4
p. 4


Encl.

cc:     Christopher LaVigne (Via ECF)
        Eric Bruce
        Assistant United States Attorneys