## PROPOSED QUESTIONS FOR A *FARETTA* COLLOQUY

### BACKGROUND

1.    Do you wish to represent yourself in the criminal proceeding before this Court?

2.    Do you realize that if you have to represent yourself in this criminal proceeding, you must come to all court appearances for status conferences, hearings, arguments on pretrial motions and then all days of trial? And that these court appearances would necessitate that you undergo strip searches each time?

3.    Dr. Siddiqui, what is your level of education?  Have you had any legal training in the United States or elsewhere?

4.    Have you ever been involved in a legal proceeding before?  If so, was it civil or criminal? In the United States or elsewhere?

5.    Do you believe that you would be able to endure the strain and stress of representing yourself in a multi-week trial in which you would have to participate as a lawyer from 9 in the morning until 5 or 6 at night and prepare for the next day's trial when you got back to MDC?

6.    Are you currently taking any medications?

7.    Are you eating regularly?

8.    Are you sleeping regularly?

9.    How is your concentration?  Do you understand that as your own attorney, you would have to listen carefully to what witnesses say, write notes that summarize what they say and then possibly ask follow-up questions to clarify their statements?  This is what is called cross-examination.  Do you understand what cross-examination is?  Do you understand what direct examination is and the difference between the two?  Can you reassure the Court that you would be able both to cross-examine government witnesses and examine your own witnesses?

10.    What do you think that you could do as your own attorney that your present counsel or any other attorney could not do?

### CHARGES IN THE INDICTMENT

11.    Do you understand that Count One alleges that you attempted to murder a national of the United States; specifically, that you attempted to fire and did in fact fire a rifle at an officer of the United States Army and other members of a team of military and law-enforcement personnel that came to interview you on

1

July 18, 2008 in Afghanistan.  Do you understand that Count One subjects you to a possible prison sentence of twenty years?

12.    Do you understand that Count Two alleges that you attempted to murder officers and employees of the United States while these officers and employees were engaged in the performance of their official duties; specifically, you attempted to fire and did fire a rifle at an officer of the United States Army and other members of a team of military and law-enforcement personnel that came to interview you on July 18, 2008 in Afghanistan.  Do you understand that Count Two subjects you to a possible prison sentence of twenty years?

13.    Do you understand that Count Three alleges that you unlawfully assaulted, resisted, opposed, impeded, intimidated and interfered with an officer and employee of the United States while they were engaged in the performance of their official duties and did so with a dangerous and deadly weapon; specifically, that you attempted to fire and did fire a rifle at an officer of the United States Army and other members of a team of military and law-enforcement personnel that came to interview you on July 18, 2008 in Afghanistan.  Do you understand that Count Three subjects you to a possible prison sentence of twenty years?

14.    Do you understand that Count Four alleges that you used a firearm in relation to a crime of violence; specifically, the crimes alleged in Counts One, Two and Three.  Further, that you discharged the firearm while engaged in the conduct alleged in Counts One, Two and Three.  Do you understand that Count Four subjects you to a possible prison sentence of thirty years to run consecutively with any other sentence you may receive should you be convicted on other Counts?

15.    Do you understand that Count Five alleges that you unlawfully, willfully, and knowingly forcibly assaulted, resisted, opposed, impeded, intimidated and interfered with an officer and employee of the United States while they were engaged in the performance of official duties and that your actions involved physical contact with the intent to commit another felony, which was the physical resistance and struggle with an interpreter who was a part of the team that came to interview you on July 18, 2009 in Afghanistan and who tried to wrest the rifle that you allegedly fired on that day.  Do you understand that Count Five subjects you to eight years of prison?

16.    Do you understand that Count Six alleges that you unlawfully, willfully, and knowingly forcibly assaulted, resisted, opposed, impeded, intimidated and interfered with an officer and employee of the United States while they were engaged in the performance of official duties and that your actions involved physical contact with the intent to commit another felony, which was the physical resistance and struggle with an agent of the Federal Bureau of Investigation who was a part of the team that came to interview you on July 18, 2009 in Afghanistan and who tried to subdue you after you allegedly fired a rifle on that day.  Do you understand that Count Six subjects you to eight years of prison?

2

17.    Do you understand that Count Seven alleges that you unlawfully, willfully, and knowingly forcibly assaulted, resisted, opposed, impeded, intimidated and interfered with an officer and employee of the United States while they were engaged in the performance of official duties and that your actions involved physical contact with the intent to commit another felony, which was the physical resistance and struggle with an officer of the military who was a part of the team that came to interview you on July 18, 2009 in Afghanistan and who tried to subdue you after you were shot that day.  Do you understand that Count Seven subjects you to eight years of prison?

## BURDEN OF PROOF/RIGHT TO REMAIN SILENT

18.    What is your understanding with respect to each of these Counts and the government's burden of proof?  What is your understanding of the concept of beyond a reasonable doubt and how it relates to each element of each Count?  What is your understanding of the concept of burden of proof and which party has it in a criminal trial?

19.    What is your understanding of the Constitutional protections of the Fifth Amendment?  What is your understanding of how your right to remain silent may conflict with your role as your own attorney?

## DUTIES AS *PRO SE* COUNSEL:
## MOTIONS/WITNESS EXAMINATIONS/JURY SELECTION/OBJECTIONS

20.    Do you understand that as your own attorney, you would argue, if necessary, pretrial motions that are pending?  Do you understand that it would be your responsibility to study and comprehend the legal principles that are the basis for your motions? And that the Court will not be able to offer you any assistance in arguing these motions? What is your understanding of the concept of a motion for mistrial? A motion *in limine*?

21.    Do you understand that one of the pending motions regards your possible torture by Afghan authorities and that you may have to testify as to that torture in order successfully to suppress statements that you allegedly made to them?  Do you understand that it will be very difficult for you to provide that testimony because you will be both witness and attorney? Do you understand that at such a hearing where you will be both witness and attorney, you will have to make objections to government questions as an attorney and that will require knowledge of the Federal Rules of Evidence?  What is your understanding or knowledge of the Federal Rules of Evidence?  Do you understand that you may be forced to answer questions posed by the government where you represent yourself that you would not have to answer if you were represented by counsel who had knowledge of the Federal Rules of Evidence?  And do you understand that the Court cannot assist

3

you during the government's questioning of you other than to issue rulings regarding objections that only you can make?

22.    What is your understanding regarding evidence that the government may seek to introduce with respect to their allegations of your possible affiliations with terrorist organizations or your activity in Ghazni as possibly terrorist-related in light of the materials they allege were found on your person?  Do you understand that much of this litigation will require a thorough knowledge of the Federal Rules of Evidence and case law regarding the rules applicable to this kind of evidence? Do you understand that the Court cannot assist you in precluding the admission of this evidence by the government other than to make rulings on the objections that you yourself make?

23.    What is your plan in preparing your defense while being in prison?  Do you understand that you will be limited to the resources that are available to you while you are in custody?  What is your plan to interview any government witnesses while you are incarcerated?  How will you prepare your own witnesses for trial while you are incarcerated?  For the record, the Court would note that preparing a witness for trial, especially for the government's cross-examination, is crucial to the successful use of a witness.  Do you also understand that you will be unable to inspect the scene of the alleged crime while you are in prison? How do you plan on conferring with any expert witnesses that you might retain – ballistics, psychological, crime scene reconstructionists, military experts to name a few – from prison?  Do you understand that the government will not give you any special treatment because you are representing yourself?

24.    Do you understand that your defense may depend on access to classified information that the government possesses related to you?  What is your understanding of the procedures involved in obtaining access to classified information?  What is your knowledge of the federal statute regarding access to such information?

25.    Do you understand that there are witnesses relevant to your case that live in Afghanistan and are not subject to this Court's subpoena power and therefore need to be deposed before trial to preserve their testimony?  What is your plan in how to depose such witnesses from your prison cell?

26.    What is your understanding of how to adduce testimony from your own witnesses?  Explain to me how you would do so.  How would you provide testimony on your own behalf if you chose to do so?

27.    What is your understanding of how a jury is picked in a United States federal criminal proceeding?  Do you know what a <u>voir</u> <u>dire</u> is?  Explain what voir dire is. Do you know what striking for cause means?  Explain what striking for cause is.

4

Do you know what a peremptory strike is?  Explain what a peremptory strike is.
Do you know what a *Batson* challenge is?

28.     Do you understand that your criminal proceeding has received a lot of media
attention and that you may want to seek a change of venue where a community
from which a jury would be drawn has not heard of your case? What is your
understanding of how to seek a change of venue

29.     What do you understand an opening statement is?  What is your understanding of
the rules involved in delivering a proper opening statement?

30.     What is your understanding of how to make objections during the government's
direct examinations of its own witnesses?   Do you understand that the Court
cannot help you in making these objections?  What is a leading question?  What is
an objection based on relevance?  What is an objection based on a question that
assumes a fact not yet in evidence? What is an objection based on hearsay? What
is hearsay?

31.     What is your understanding of your role as an attorney and how that may
undermine any defense that you may have that you presently lack mental capacity
or lacked mental capacity at the time of the alleged criminal conduct on July 18,
2009?

## COURTROOM BEHAVIOR

32.     What is your understanding of the courtroom protocol if you represented
yourself?  For example, in stating objections to government questioning, you
would have to state simply that you object and if the Court did not understand
your objection, you would come to the sidebar and discuss on the record with the
government and the Court the nature of your objection?  In your opening remarks
to the jury, you would have to make statements that in good faith were supported
by evidence that you intended to admit at trial or that you expected the
government to admit?  What do you understand to be the consequences of
violating courtroom protocol? That you could not subject the jury, the Court or
the government to irrelevant outbursts as you did at previous appearances and at
the competency hearing?  That if you are disruptive in the courtroom that the
Court can terminate your self-representation and remove you from the courtroom?
In that situation, the trial will continue without your presence.

33.     Are you willing to read the Court's own rules in order to be in compliance with
the way this particular courtroom is run?

## POST-TRIAL MOTIONS

34.     Should the jury find you guilty of one or all charges in the indictment, what is
your understanding of your ability to challenge the verdict pursuant to certain

post-trial motions?  Do you understand that this would require you to review all of the trial transcripts (perhaps thousands of pages) to ascertain the evidence that was introduced related to the various charges?  That you would then have to review case law related to these charges and see if there is an argument that the government failed to introduce sufficient evidence upon which a reasonable juror could find you guilty?  And that you would have to file these motions under a deadline; how do you propose to accomplish that from your prison cell?  Also, in these motions you would have the opportunity to challenge certain legal rulings that the Court made before and during the trial but making these challenges would require knowledge of a broad range of legal issues that you probably do not have?  And, as always, the Court would not be able to assist you in these post-trial motions?

## **SENTENCING**

35.    What is your understanding of the consequences if you are convicted of the counts in the indictment, which is almost a certainty should you proceed to trial without the assistance of counsel? What is your understanding of the advisory Sentencing Guidelines?

36.    Finally, do you understand that if you were convicted and those convictions were confirmed even after you challenged them in post-trial motions, you would have to proceed to sentencing without the assistance of counsel?  What is your understanding of sentencing? The sentencing phase requires considerable legal knowledge about sentencing factors, one of which is the advisory Sentencing Guidelines? There is considerable case law regarding the application of these advisory Sentencing Guidelines and the lack of which may result in your receiving a longer sentence than would be the case if you had the assistance of an attorney?  Further, with the help of an attorney, you would be able to retain the assistance of mitigation experts who may present factors and circumstances that would allow the Court to downwardly depart from the advisory Sentencing Guidelines or impose a sentence below the advisory Sentencing Guidelines range?