UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

AAFIA SIDDIQUI,

Defendant

08-CR-826 (RMB)
Proposed Protective Order

## PROTECTIVE ORDER

WHEREAS, the defendant in this and every other criminal case has certain rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure, including the right to file a motion to vacate his or her sentence pursuant to 28 U.S.C. § 2255, or a Motion for Sentence Reduction (compassionate relief) pursuant to 18 U.S.C. § 3582(c)(1)(A), and the Court seeks to ensure the fullest enjoyment of such rights;

WHEREAS, the Government recognizes its obligation to provide such discovery materials to the defendant, consistent with national security concerns, the need to protect public safety, and the confidentiality of ongoing investigations;

WHEREAS, the volume of discovery materials that the Government provided to the defendant is large and contains certain materials that, if disseminated to third parties, could, among other things, pose a threat to public safety and the national security;

WHEREAS, the Court entered a Protective Order on March 12, 2009, regarding the handling of discovery materials by Dawn Cardi, Esq.;

WHEREAS, the defendant was represented both at trial and on appeal by Dawn M. Cardi, Esq.;

1

WHEREAS, on or about August 11, 2009, additional trial counsel, Charles Swift, Esq., Linda Moreno, Esq., and Elaine Whitfield Sharp, Esq. ("proposed counsel") moved to join Dawn Cardi, Esq. in representing the defendant;

WHEREAS, the Court entered an additional Protective Order on August 25, 2009, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, permitting proposed counsel to handle discovery materials in the same manner as Dawn M. Cardi, Esq.;

WHEREAS, the Court entered a judgment of conviction and sentence in this case on September 23, 2010, which was subsequently affirmed by the United States Court of Appeals for the Second Circuit on November 15, 2012 (See *United States v. Siddiqui,* 699 F.3d 690 (2nd Cir 2012);

WHEREAS, a petition for a writ of certiorari to the United States Supreme Court was denied on May 13, 2013 (See *Siddiqui v. United States,* No. 12-9651);

WHEREAS, the Court understands that CJA counsel, Dawn M. Cardi and Chad Edgar, no longer represent defendant in these matters;

WHEREAS, on or about February 12, 2014, the defendant retained Tina Foster, Esq. as her post-conviction counsel and executed a written release, dated October 18, 2013, authorizing Ms. Foster to obtain copies of all documents in defense counsel's files in relation to this matter;

WHEREAS, Ms. Foster ("2014 post-conviction counsel") needed to review discovery materials in order to identify potential issues for, *inter alia,* a 28 U.S.C. § 2255 motion, which would have to be filed no later than May 13, 2014;

WHEREAS, 2014 post-conviction counsel requested that Dawn M. Cardi, Esq., Charles Swift, Esq., Linda Moreno, Esq., and Elaine Whitfield Sharp, Esq. ("trial counsel") provide copies of all discovery documents maintained in their files in relation to this matter, including but not limited to materials that are covered by the above-referenced Protective Orders;

WHEREAS, this Court subsequently ordered that Tina Foster, Esq., be permitted access under the Protective Order to the materials held by Trial Counsel;

WHEREAS, Tina Foster, Esq., no longer represents the defendant but has maintained custody of the materials in the case including materials covered by the Protective Order;

WHEREAS, the defendant is now represented *pro bono* by Clive A. Stafford Smith, Esq., and Hassan E. Ansari, Esq. (together, the "2024 Post-Conviction Counsel");

THEREFORE, upon the application of Clive Stafford Smith, Esq., and Hassan E. Ansari, Esq., this Court ORDERS that trial counsel as well as Tina Foster Esq. shall be permitted to provide copies of discovery materials covered by the above-referenced Protective Orders to 2024 Post-Conviction Counsel provided, however, that such materials provided to 2024 Post-Conviction Counsel shall not be disseminated by 2024 Post-Conviction Counsel to any individual or entity, other than: (i) the defendant whom post-conviction counsel represents, subject to BOP regulations; (ii) members of any defense team for 2024 Post-Conviction Counsel (co-counsel, paralegals, investigators, translators, and secretarial staff); and (iii) any experts retained to assist in the preparation of any post-conviction motion by 2024 Post-Conviction Counsel. Before receiving the discovery materials subject to this Protective Order, each individual to whom disclosure of the materials is made pursuant to the above provision shall be provided a copy of this Protective Order by 2024 Post-Conviction Counsel and shall be advised by 2024 Post-Conviction Counsel that such person must by their signature comply with the terms of this Protective Order;

IT IS FURTHER ORDERED that discovery materials received pursuant to this Protective Order by the Defendant, Clive Stafford Smith, Esq., and Hassan E. Ansari, Esq., or the categories of persons described in the immediately preceding paragraph ("Recipients") may not be shown to, read to, or summarized for, any person or entity other than the Recipients, with the sole exception that any particular witness or potential witness may be shown (but not given) particular items of material

pursuant to this Protective Order, if post-conviction counsel determines that it is necessary to show those particular materials to the particular witness or potential witness for the sole purpose of preparing any post-conviction motion;

IT IS FURTHER ORDERED that all discovery materials received pursuant to this Protective Order by the defendant, 2024 post-conviction counsel, or the individuals described in the immediately preceding paragraph ("Recipients") may not be shown to, read to, or summarized for, any person or entity other than the Recipients - with the sole exception that particular or potential witnesses may be shown (but not given) particular items of material pursuant to this Protective Order. if post-conviction counsel determines that it is necessary to show those particular materials to the particular witness or potential witness for the sole purpose of preparing any post-conviction motion;

IT IS FURTHER ORDERED that all discovery materials subject to this Protective Order are to be provided to and used by 2024 Post-Conviction Counsel solely for the purpose of allowing the defendant to prepare any post-conviction motion or motion for compassionate release;

IT IS FURTHER ORDERED that hard copies of materials subject to this Protective Order may not be taken out of the United States, nor may such materials be printed outside the United States;

IT IS FURTHER ORDERED that none of the materials subject to this Protective Order produced by the Government to the defense shall be disseminated to, shown to, or discussed with, the media;

IT IS FURTHER ORDERED that, subject to any additional Protective Orders imposed by the Court, nothing in this Protective Order prohibits the media from obtaining copies of materials that become public exhibits at any court proceeding, and nothing in this Protective Order prohibits the parties from discussing the same with the media;

IT IS FURTHER ORDERED that nothing in this Protective Order in any way releases counsel for the Government or any of the Recipients, from the obligations of the "Free Press Fair

Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Southern District of New York;

IT IS FURTHER ORDERED that nothing in this Protective Order shall preclude the Government from seeking a further Protective Order as to particular materials (including discovery materials that become public exhibits) pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure or Section 3 of the Classified Information Procedures Act, Title 18, United States Code, Appendix III;

IT IS FURTHER ORDERED that nothing in this Protective Order shall preclude 2024 Post-Conviction Counsel from entering into an agreement with the Government, or seeking an order from this Court, excluding certain specified materials from the scope of this Protective Order.

Dated: New York, NY
        September __, 2024

Agreed to:

_____
CLIVE A. STAFFORD SMITH, Esq.

_____
HASSAN E. ANSARI, Esq.

SO ORDERED:

_____
HONORABLE RICHARD M. BERMAN
United States District Judge